IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY   6 2020

MITCHELL R. ELFERS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 19-1820 MV |
| | ) | |
| CHRISTOPHER DEON DELGADO, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

Christopher Deon Delgado, and the Defendant's counsel, Joe M. Romero, Jr.:

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

   a.      to be prosecuted by indictment;

   b.      to plead not guilty, or having already so pleaded, to persist in that plea;

   c.      to have a trial by jury; and

   d.      at a trial:

      i.      to confront and cross-examine adverse witnesses,

      ii.      to be protected from compelled self-incrimination,

      iii.      to testify and present evidence on the Defendant's own behalf, and

      iv.      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 2 of the indictment, charging the offense of making a false statement on a loan or credit application, in violation of 18 U.S.C. § 1014.

## SENTENCING

4.      As to Count 2, the Defendant understands that the maximum penalty provided by law for the offense of making a false statement on a loan or credit application, in violation of 18 U.S.C. § 1014, is:

    a.      imprisonment for a period of not more than 30 years;

    b.      a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.      a term of supervised release of not more than 5 years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.      a mandatory special penalty assessment of $100.00; and

    e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

6.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 2: Making a false statement on a loan or credit application, in violation of 18 U.S.C. § 1014:

> *First*: the financial institution was federally insured;
>
> *Second*: the defendant made a false statement to the financial institution;
>
> *Third*: the defendant knew the statement was false when he made it;
>
> *Fourth*: the defendant intended to influence the financial institution to approve a consumer credit application.

## DEFENDANT'S ADMISSION OF FACTS

7.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On November 15, 2018, I applied for an automobile loan from First Financial Credit Union in Albuquerque, New Mexico.  In my loan application, I falsely stated that I earned $8,166.67 per month in gross income from Delgado's General Contractors.  However, I have never worked for Delgado's General Contractors, and at the time I had no job at all.  I knew at the time of my loan application that I was making a false statement of my gross monthly income.  I purposefully provided a false statement about my income on my loan application in order to get approved for the loan.  First Financial approved my credit information based on my false statement about my income.  I used the proceeds of this loan to buy a 2016 BMW 3-Series sedan.  When I received the $18,000 loan, I had no intention of keeping the car.  Four days after receiving the loan, I sold the BMW to Integrity Automotive in Albuquerque for $16,000.

On December 13, 2018, I received a $52,000 loan from Rio Grande Credit Union to purchase a 2015 Mazerati Quattroporte sedan.  As with the First Financial loan, I falsely stated that I earned $8,166.67 per month from Delgado's General Contractors.  I also submitted false pay stubs and a Form 1040 that falsely stated my income as $98,000 per year to support the false statement on my loan application.  I received the loan and purchased the Mazerati, which was repossessed once Rio Grande Credit Union discovered that I had submitted false information.

8.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty.  The Defendant agrees that

the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

        a.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).  Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing.  Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

        b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.  Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.  If the Court does not

accept any one or more of the above recommendations and reaches an

advisory guideline sentence different than expected by the Defendant, or if the

Court varies from the advisory guideline range, the Defendant will not seek to

withdraw the Defendant's plea of guilty.   In other words, regardless of any of

the parties' recommendations, the Defendant's final sentence is solely within

the discretion of the Court.

10.     Apart from the recommendations set forth in this plea agreement, the United

States and the Defendant reserve their rights to assert any position or argument with respect to

the sentence to be imposed, including but not limited to the applicability of particular sentencing

guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the

application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the

right to provide to the United States Pretrial Services and Probation Office and to the Court any

information the United States believes may be helpful to the Court, including but not limited to

information about the recommendations contained in this agreement and any relevant conduct

under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United

States Pretrial Services and Probation Office with truthful, accurate, and complete information.

The Defendant represents that the Defendant has complied with and will continue to comply with

this obligation.

13.     The Defendant agrees that, upon the Defendant's signing of this plea agreement,

the facts that the Defendant has admitted under this plea agreement as set forth above, as well as

6

any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

15.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A. The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty, but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case.

## WAIVER OF APPEAL RIGHTS

16.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court.   The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     Following sentencing, the United States will move to dismiss Count 1 of the indictment.

      b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment or for other false statements on loan or credit applications or bank fraud occurring between November 1, 2018, and December 31, 2018.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

8

## **VOLUNTARY PLEA**

19.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## **VIOLATION OF PLEA AGREEMENT**

20.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## **SPECIAL ASSESSMENT**

21.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the United States District Court in the amount of $100 in payment of the special penalty assessment described above.

## **ENTIRETY OF AGREEMENT**

22.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 22ⁿᵈ day of April , 2020.

JOHN C. ANDERSON
United States Attorney

Paul Schied
Sean J. Sullivan
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Joe M. Romero, Jr.
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

Christopher Deon Delgado
Defendant

10